In re SILBERHORN.

McKEY v. SMITH.

(District Court, N. D. Illinois, N. D. November 8, 1900.)

No. 2,817.

BANKRUPTCY—SUITS BY TRUSTEE—JURISDICTION.

> Where a bankrupt held as collateral security for a loan a certificate of the pledgor's membership in a board of trade, a petition by his trustee for an order requiring the pledgor to apply to the board, in accordance with its rules, for the posting and sale of such certificate, is in the nature of a suit to foreclose the security, which is within the provisions of Bankr. Act 1898, § 23, and not within the jurisdiction of the court of bankruptcy, unless by consent of the debtor.

In Bankruptcy. On petition of trustee, and plea to jurisdiction.

Wheeler & Silber, for trustee.

J. M. Longnecker, for respondent.

KOHLSAAT, District Judge. This matter comes on to be heard upon a plea to the jurisdiction of this court filed by respondent to the petition of the trustee herein, in which the trustee seeks an order of this court compelling respondent to make a written application to the Board of Trade of Chicago for the posting and sale of a certificate of membership in said board in the name of respondent, which certificate respondent had pledged to the bankrupt as security for an indebtedness of $1,500. The collateral agreement gave bankrupt the right to sell said certificate upon default in payment of the indebtedness, etc., without notice to respondent. The sole question is whether or not this proceeding is a suit, within the meaning of the bankrupt act, and the decisions of the federal supreme

court construing section 23 of said act. I am of the opinion that it is in the nature of a proceeding to foreclose collateral security, in which proceeding respondent would have the right to prove, if possible, that none or only part of the indebtedness exists or is due. For this reason this proceeding must be held to be within the terms of said section 23, and the petition is dismissed for want of jurisdiction.