In re ROBERTS.

(District Court, S. D. West Virginia. May 25, 1914.)

No. 304.

1. BANKRUPTCY (§ 342½*)—FAILURE TO GRANT DISCHARGE—EFFECT.

Where a petition by a bankrupt for his discharge was denied, the refusal of the referee to allow a claim against the bankrupt, filed by him as guardian of his infant children, was not reviewable on his application, because it was immaterial to him whether the claim was allowed or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

2. JUDGMENT (§ 720*)—CONCLUSIVENESS—ADJUDICATION OF STATE COURT—EFFECT AS TO CLAIM AGAINST BANKRUPT'S ESTATE.

A decree of a state court, in a suit to set aside a deed made by a bankrupt to his infant children, instituted after the filing of the petition in bankruptcy, which adjudicated that the deed was without consideration, conclusively determined want of consideration, and a claim of the children, based on the same transaction, presented against the bankrupt, was properly rejected.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

In Bankruptcy. In the matter of the bankruptcy of H. W. Roberts. On petition for review of ruling of referee rejecting claim. Report and findings of referee sustained.

W. W. Smith, of Huntington, W. Va., for petitioners.
J. P. Douglass, of Huntington, W. Va., for trustee.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KELLER, District Judge. The bankrupt in his own right, and as guardian of his infant children, Hazel, Garland, Thelma, and Russell, asks to have reviewed an order of the referee in bankruptcy, refusing to allow a claim of $8,211.50, which was offered to be proved by the said H. W. Roberts, as guardian for the said infant children. In considering the propriety of the action of the referee, it must be noted that the original petition was filed by the bankrupt, asking to be adjudicated as such, on the 28th day of January, 1909, and that the claim which is sought to be set up by the infant children of Roberts against the estate was presented on the 13th day of March, 1914, more than five years after the filing of the voluntary petition in bankruptcy.

[1] It sufficiently appears from the record that the bankrupt filed his petition for a discharge within the time required by law, and that upon a hearing upon this petition for discharge the same was refused. Under this state of facts it appears that the application of the bankrupt to have the action of the referee reviewed, in refusing to allow this claim to be filed, is without merit. It can make no difference to Roberts whether the claim is allowed, or whether it is not, as in no event can he be discharged from the same.

[2] The bankrupt, in the capacity of guardian of his infant children, prays a review of the action of the trustee in refusing to allow the claim. The nature of the claim set up is a note for the sum of $8,211.50, which purports to have been given by the bankrupt to his deceased wife, upon the back of which is a purported holographic will, bequeathing said note to the infant children of Roberts and his wife. This indorsement on the note was duly offered for probate, and was probated as the will of Mrs. Roberts, and Roberts was appointed guardian of his infant children. It does not appear that any administrator was appointed with the will annexed. It might be suggested that it is necessary, in order to properly present this matter, to have such an administrator appointed, and have the claim presented by him, inasmuch as personal property in such cases as this ordinarily passes to the personal representative, instead of directly to the beneficiaries.

Waiving this question, however, is there any theory, under the acts of Congress relating to bankruptcy, upon which this claim can now be filed and allowed as a debt against the estate of the bankrupt? The petition accompanying the proof of claim attempts to avoid the requirement that such claims must be presented within one year by an allegation that the reason that this claim was not presented within one year from the date of the adjudication in bankruptcy is that the same was in process of adjudication, the petition averring that said claim should be allowed—

"for the reason that the claim was liquidated by litigation in the state courts of West Virginia; that the chancery suit, wherein the claim was liquidated by litigation, was instituted by R. S. Douthat, trustee, etc., v. H. W. Roberts et al., on the 20th day of July, 1909, the original petition in bankruptcy having been filed on the 20th day of January, 1909, said chancery suit having been instituted for the purpose of setting aside a certain deed made by said H. W. Roberts to said wards, which was claimed to be, and by the court held to be, an invalid deed, and such a *preference* as had to be surrendered by said wards."

If this conclusion were true, that is to say, if the state court had found that the deed which it set aside constituted a preference in favor of the children of Roberts which could not be sustained, and set the same aside because of such a preference, then of course it is likely true that the owners of such a claim, as was attempted to be so preferred, would have the right to file the same after such adjudication by the court in which the cause was pending, and I would incline to the opinion that the claim should be allowed to be filed had the deed been set aside upon the ground that it created an invalid preference. In other words, if the state court had adjudicated that while Roberts' children had a valid claim against him, still his act in conveying the property to them constituted giving them a preference over other creditors, and for this reason set the deed aside, then I think they should be allowed to present their claim for proof after this question was determined. However, the claimants presented with their petition copy of the record made in the state court, as well as the opinion of the Court of Appeals of West Virginia thereon. An examination of this record discloses that the ground upon which the court was asked to set ' aside the deed as stated in the bill of plaintiff is:

"That the pretended conveyance by the said W. H. Roberts to his infant children was, without consideration, deemed valuable in law, and was made by the said H. W. Roberts in contemplation of creating future indebtedness, and is but a shift and device upon the part of the said H. W. Roberts to hinder, delay, and defraud both his then existing and subsequent creditors, and that the said pretended conveyance was in its inception and execution fraudulent and void as to existing and subsequent creditors of the said H. W. Roberts."

Roberts answers the bill, and justifies the conveyance by the statement that the property was in fact purchased by money of his wife, and, besides furnishing the money to purchase the property and make the improvements on it, she furnished him in addition $4,250, which he expressed as the consideration for making the deed. Upon the hearing of the cause the court necessarily found that Roberts' wife did not furnish him the money with which to purchase the property, or with which to make the improvements thereon, and that Roberts' wife did not advance him $4,250, the expressed consideration for said deed, and that said deed was purely voluntary upon the part of Roberts, and was without consideration, and not only did said court find that the deed was without consideration, but it also found that said Roberts was insolvent at the time he delivered the deed, and that, therefore, the same must be set aside because of Roberts' insolvency at the time of its delivery, and because of the fact that it was voluntary. There was no issue made in that case that called for a finding that the deed created a fraudulent preference, but the distinct issue tried by the state court was that the deed was absolutely without consideration. This being so, and the only reason alleged for the allowance of the claim at this time being that the matter was in litigation ever since the adjudication in bankruptcy, and it clearly appearing that in that litigation it was determined that there never was such consideration passed from Roberts' wife to himself, it necessarily follows that the referee correctly held that the matters sought now to be raised had once been deter-

mined in appropriate .litigation between the same parties by a court of competent jurisdiction, and the claim cannot now be relitigated in this proceeding.

Report and findings of referee sustained.