## STONE–ORDEAN–WELLS CO. v. MARK.

(Circuit Court of Appeals, Eighth Circuit. September 27, 1915.)

No. 150.

*(Syllabus by the Court.)*

1. BANKRUPTCY ⊂⊃199—AVOIDANCE OF LIENS—INSOLVENCY OF DEBTOR.

Insolvency of the persons against whom the judgments, attachments, or other liens specified in section 67f (Act July 1, 1898, c. 541, 30 Stat. 564, as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800, and Act June 25, 1910, c. 412, § 12, 36 Stat. 842 [Comp. St. 1913, § 9651]), are obtained at the respective times they are secured is indispensable to their avoidance under that section, and to the jurisdiction of the court of bankruptcy to order conveyance or make other orders to that effect thereunder.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊂⊃199.]

2. BANKRUPTCY ⊂⊃303—LIEN—INSOLVENCY—BURDEN OF PROOF.

The burden is on him who claims a lien is void under section 67f to plead and prove the insolvency of the person against whom it was obtained at the time it was secured.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⊂⊃303.]

3. BANKRUPTCY ⊂⊃288—RIGHTS OF EXECUTION CREDITOR—SUMMARY PROCEEDING.

An execution creditor, whose execution was levied by the sheriff on the right of the defendant to recover a debt of a bank to it eight days before the petition in bankruptcy was filed against such defendant, to whom the sheriff paid the moneys collected under that levy after the filing of the petition, in the absence of any injunction order or process of the court of bankruptcy against him, or the sheriff, making either of them a party or otherwise, and in the absence of any demand or notice by any agent or officer of that court regarding the matter before the money was collected and paid over, has a substantial claim for the money he has thus received, is an adverse claimant thereof, and in the absence of any pleading or proof of the insolvency of the execution debtor at the time of the levy of the execution may not be compelled to pay the money over to the trustee of the bankrupt's estate in a summary proceeding in the court of bankruptcy, but has the right to an opportunity to defend his claim to the money in a plenary suit according to the course of the common law. Reference is made to the opinion in In re Rathman, 183 Fed. 913, 106 C. C. A. 253, for the rules and test for determining what claimants are adverse claimants, entitled to an opportunity to prosecute or defend their claims in plenary suits.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⊂⊃288.]

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Petition, to revise final order, by the Stone-Ordean-Wells Company, a corporation, against John H. Mark, trustee of the Wadena Cracker Company, a corporation, bankrupt, in bankruptcy. Decision for petitioner.

On April 24, 1913, Stone-Ordean-Wells Company, a corporation, obtained a judgment for $197.83 against Wadena Cracker Company, another corporation, in one of the district courts of the state of Minnesota; on April 26, 1913,

an execution was issued thereon; and on May 15, 1913, the sheriff levied this execution on a debt owing by the First National Bank of Wadena to the Cracker Company on account of moneys that had theretofore been deposited with it by the Cracker Company. The statutes of Minnesota provide that such a levy may be made by leaving with the debtor to the judgment debtor "a certified copy of the execution with a notice specifying the property levied on" (Gen. St. Minn. 1913, § 7934), and that, when the officer with an execution against the defendant applies to any person mentioned in section 7934 for the purpose of levying upon a debt he owes to the defendant, that person shall furnish the officer with a certificate of the debt owing to the judgment debtor (section 7935). The bank disclosed to the sheriff its indebtedness to the Cracker Company in an amount in excess of the judgment debt and on June 15, 1913, he collected from it by virtue of his levy $211.93, retained $10.70 in payment of his fees and costs and paid over to the Stone Company $201.23. On May 23, 1913, a creditors' petition against the Cracker Company praying its adjudication a bankrupt was filed in the court below; on June 14, 1913, the Cracker Company was adjudged a bankrupt on default; on July 23, 1913, John H. Mark became trustee of its estate, and on the same day he presented to that court a petition for an order on the Stone Company to pay over to him as such trustee the $211.93 the sheriff had collected from the bank. The court issued an order on the Stone Company to show cause why the prayer of the trustee's petition should not be granted. The Stone Company objected to the granting thereof on the ground that the petition failed to present any case wherein the court had jurisdiction to determine in a summary proceeding any issue it tendered. The court below, however, after a hearing, granted the petition and ordered the Stone Company to pay to the trustee $211.93, interest thereon from June 16, 1913, and $15 costs on the hearing. The Stone Company has brought this petition to revise the final order below, on the ground that there was no allegation in the petition for the order, and no proof of the insolvency of the Cracker Company at the time of the levy, and that in the absence of such allegation the bankruptcy court was without jurisdiction to avoid, in a summary proceeding, its levy, and compel its payment of the money it collected by means of the process of the state court to the trustee.

Courtney & Courtney, of Duluth, Minn., for petitioner.
Hugh J. McClearn, of Duluth, Minn., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

SANBORN, Circuit Judge (after stating the facts as above). [1, 2] Section 67f of the bankruptcy act provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same. * * * And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect." Act July 1, 1898, c. 541, § 67f, as amended by Act Feb. 5, 1903, c. 487, § 16, and Act June 25, 1910, c. 412, § 12 (U. S. Comp. Stat. 1913, § 9651, pages 4399, 4401).

Counsel for the trustee cite this section and decisions under which orders made thereunder in summary proceedings avoiding liens obtained against insolvents in legal proceedings within four months of the filing of petitions in bankruptcy against them have been sustained. But the insolvency of the persons against whom the liens mentioned in this section are obtained is indispensable to their avoidance by sum-

mary proceedings thereunder. It is liens obtained through legal proceedings against an insolvent, and those only, that are avoided in case he is adjudged a bankrupt, and it is conveyances necessary to effect an avoidance of such liens, and those only, that the court of bankruptcy is empowered by this section to order. If a creditor by legal proceedings obtains a lien by attachment or by the levy of an execution three months before the filing of a petition in bankruptcy against his debtor, who is then solvent, and who does not become insolvent until the day the petition in bankruptcy is filed against him, that creditor does not obtain his lien "through legal proceedings against a person who is insolvent," but against a person who is solvent "within four months prior to the filing of the petition in bankruptcy against him," and section 67f grants the court of bankruptcy no power to avoid that lien, or to order conveyances to effect that result in summary proceedings. The evident purpose of the Congress in limiting the power of the court summarily to avoid liens of the character mentioned in the section to those against insolvents, and in withholding the power to avoid those against solvents, was to give the power to avoid such as creditors would be likely to know would probably give them a preference over other creditors, and to withhold the power to avoid others.

The natural and pertinent time of that insolvency which conditions the power of the court of bankruptcy to avoid in summary proceedings one of the liens specified in section 67f is the time when the lien is obtained. If the person is then insolvent, the lien is obtained against "a person who is insolvent"; if he is solvent, then the lien is obtained against a person who is solvent. And the terms of the statute, their natural and rational interpretation, the meaning which first occurs to the mind on reading them, and that which after meditation securely abides, compel the conclusion that it was the intention of Congress and the legal effect of section 67f to grant to the courts of bankruptcy the power to effect an avoidance in summary proceedings of liens of the character there specified, obtained against persons who were insolvent at the respective times the liens were obtained, and those only, and that the insolvency of the person at the time the lien is acquired is an indispensable condition of the existence and of the exercise of the power. Keystone Brewing Co. v. Schermer, 241 Pa. 361, 88 Atl. 657, 31 Am. Bank. Rep. 279, 281, 282; Simpson v. Van Etten (C. C.) 6 Am. Bank. Rep. 204, 205, 206, 108 Fed. 199, 201; 1 Loveland on Bankruptcy, 909, 910, § 437; Severin v. Robinson, 27 Ind. App. 55, 60 N. E. 966; Collier on Bankruptcy (10th Ed.) p. 963, par. "e."

[3] The petition of the trustee for the order on the Stone Company to pay over the money it had collected by virtue of the levy of its execution on the chose in action of the Cracker Company eight days before the petition in bankruptcy against the latter was filed contains no allegation of the insolvency of the Cracker Company at the time the Stone Company's lien was obtained by the levy or at any time. It therefore failed to invoke the power of the court of bankruptcy to avoid in summary proceedings the lien of the Stone Company by virtue of section 67f, and that petition and all the subsequent proceedings were challenged, objected to, and protested against by the Stone Company

227 F.—62

at the inception of the proceedings against it, on the expressed ground that the petition made no presentation of any grounds for any relief which the court of bankruptcy had the power to grant in a summary proceeding. No amendment of the petition was made or asked, no issue of the insolvency of the Cracker Company was ever tendered, no answer to the petition was made, and as the burden was on the trustee to plead and prove the insolvency of the Cracker Company in order to bring his case under section 67f, the order directing the Stone Company to pay over the money rests on the presumption that the Cracker Company was solvent when the Stone Company obtained its lien and section 67f and the authorities under it have no relevancy to the questions arising in this case. They must accordingly be laid aside, including Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555, in which counsel for the trustee seems to place much faith, but which rests on an adjudication of bankruptcy in a contested case, on the ground that the lien annulled in that case was acquired while the bankrupt was insolvent and that it constituted the act of bankruptcy. In the case at bar the Stone Company was not a party to the bankruptcy proceedings until the order to show cause why it should not pay over the money it collected was served on it, and in the proceedings prior to the filing of the petition for that order its lien was never mentioned. The result is that this case must be determined as though section 67f had never been enacted.

In Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 377 (54 L. Ed. 402, 17 Ann. Cas. 969), the Supreme Court said:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy."

Owners of claims of the first class are adverse claimants and have the right to an opportunity to prosecute or defend their claims in a plenary suit according to the course of the common law or the rules and principles of equity jurisprudence. Owners of claims of the latter class may be required to submit to adjudications of them in summary proceedings by a court of bankruptcy. One who, prior to the filing of a petition in bankruptcy, has acquired a lien upon the property of the party subsequently adjudged bankrupt, is an adverse claimant, and is entitled to all the rights and privileges of such a claimant to the same extent as one who has acquired property from such a party. In re Rathman, 183 Fed. 913, 920, 921, 106 C. C. A. 253, 260, 261; Jaquith v. Rowley, 188 U. S. 620, 621, 625, 626, 23 Sup. Ct. 369, 47 L. Ed. 620; Harris v. First National Bank, 216 U. S. 382, 383, 385, 30 Sup. Ct. 296, 54 L. Ed. 528; In re McMahon, 77 C. C. A. 668, 669, 147 Fed. 684, 685; Frank v. Vollkommer, 205 U. S. 521, 522, 526, 529, 27 Sup. Ct. 596, 51 L. Ed. 911; Carling v. Seymour Lbr. Co., 113 Fed. 483, 484, 485, 490, 51 C. C. A. 1, 2, 3, 8; In re Silberhorn (D. C.) 105 Fed. 899. Nor is such a claimant who does not fall

under the provisions of section 67f deprived of his right to an opportunity to prosecute or defend his claim in a plenary suit by the fact that his lien was acquired within four months of the filing of the petition in bankruptcy. Jones v. Springer, 226 U. S. 148, 155, 33 Sup. Ct. 64, 57 L. Ed. 161; In re Shea (D. C.) 211 Fed. 365, 369; Tripp v. Mitschrich, 211 Fed. 424, 426, 427, 128 C. C. A. 96, 98, 99.

The property which the sheriff lawfully seized by his levy eight days before the petition in bankruptcy was filed was a chose in action. It was the right to recover of the bank $201.23 and the sheriff's fees for collecting this amount. This right was, prior to May 15, 1913, in the Cracker Company. By the levy of the execution that right was transferred to the Stone Company and the sheriff eight days before the petition in bankruptcy was filed, and, laying aside section 67f and the cases arising under it, that right was indefeasible. It was property the transfer of which antedated the filing of the petition. It was property which had passed beyond the possession and control of the bankrupt before the petition was filed, so that it was not then "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Paragraph 5, § 70a, Bankr. Act of 1898 (Comp. St. 1913, § 9654).

The sheriff was commanded by the execution to collect the judgment debt and pay the money over to the Stone Company, and he obeyed that command. No injunction, or order, or process of the court of bankruptcy, no demand of any officer or agent of that court, no notice of the bankruptcy proceeding, so far as this record discloses, ever came to the Stone Company or the sheriff until after the money had been collected and paid over to the Stone Company. They were strangers to the bankruptcy proceeding, who held a substantial claim of title to or of a lien upon this property, which has subsequently been claimed as that of the bankrupt, when the petition was filed, and, in the absence of possession of this property by the bankrupt, or any party for him, at that time, of any order or process of the court of bankruptcy making them parties to the proceeding therein, of any demand by any officer or agent of that court, and of any notice of the bankruptcy, the filing of the petition was as to them neither a caveat, an injunction, nor the creation of a lien upon this property. The statement on that subject in Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405, is inapplicable to such claimants. In re Rathman, 183 Fed. 913, 925, 106 C. C. A. 253, 265; Jaquith v. Rowley, 188 U. S. 620, 625, 23 Sup. Ct. 369, 47 L. Ed. 620; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 353, 26 Sup. Ct. 481, 50 L. Ed. 782; Hiscock v. Varick Bank of New York, 206 U. S. 28, 41, 27 Sup. Ct. 681, 51 L. Ed. 945; Jones v. Springer, 226 U. S. 148, 155, 33 Sup. Ct. 64, 57 L. Ed. 161; Fidelity Trust Co. v. Gaskell, 195 Fed. 865, 872, 115 C. C. A. 527.

In the Rathman Case this court had occasion to examine with some care the authorities upon the question what claimants are adverse claimants, who are entitled to an opportunity to prosecute or defend their claims in a plenary suit, and it endeavored to state the rules

and the test by which that question should be answered. Subsequent decisions which have been cited, and those which have come to our attention, have not persuaded to any modification of the conclusions there reached. It would be futile to repeat the discussion in the opinion in that case. And the result is that when section 67f and the cases arising under it are laid aside, and the rules and test specified in the Rathman Case are applied to the facts of this case, which have been stated, there is no logical or rational way of escape from the conclusion that the Stone Company and the sheriff were adverse claimants, and that they had the right to an opportunity to defend their claim to the moneys they collected in a plenary suit according to the course of the common law.

There was a motion to dismiss the petition to revise the order to pay over the money, on the ground that the Stone Company was a stranger to the bankruptcy proceeding, and that a stranger may not maintain a petition to revise an order made in such a proceeding; but, while the Stone Company was a stranger to the bankruptcy proceeding until the trustee, by the petition he filed and the order to show cause he secured, brought it into the court below, and on that petition and order obtained the order on it to pay over the money it had collected, it was not a stranger to that order, nor to the petition and order to show cause on which it was based, and it had a right to a review of the questions of law they presented by a petition to revise.

Another ground of the motion was that the order of the court on the petition for the order to show cause was in effect a finding that the money was the property of the bankrupt estate. But there was no such express finding, and the petition alleges the levy eight days before the petition was filed, and other facts which present the questions of law which have been considered.

The petition to revise is well founded, and the order that the Stone Company pay over to the trustee the $211.93 and interest and the costs on the hearing below must be set aside and annulled; and it is so ordered.