## AMERICAN TRUST & SAVINGS BANK v. RUPPE.

### In re POWELL et al.

#### (Circuit Court of Appeals, Eighth Circuit. November 16, 1916.)

#### No. 172.

1. BANKRUPTCY ⬅288(2)—PROCEEDINGS—SUMMARY PROCEEDINGS.

One who, prior to the filing of a petition in bankruptcy, has by other means than the legal proceedings specified in Bankr. Act July 1, 1898, c. 541, § 67c, 30 Stat. 564 (Comp. St. 1913, § 9651), and section 67f, declaring that liens obtained by judicial process within four months of the commencement of bankruptcy proceedings shall be invalid, acquired a lien on the property of a party subsequently adjudged bankrupt, is an adverse claimant, whose rights cannot, as in the case of an agent of the bankrupt or an officer of the bankrupt corporation withholding possession of the bankrupt's property, be summarily determined, but must be determined by a plenary suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⬅288(2).]

2. BANKRUPTCY ⬅288(2)—JURISDICTION—PLENARY SUIT.

A bank, having a mortgage lien on the property of a bankrupt, instituted an action of replevin, under which the sheriff took possession of the property and the bank proceeded to advertise it for sale under the power of the mortgage. Within less than four months of the replevin suit the mortgagors were adjudged bankrupt. *Held* that, as the lien of the bank depended on the mortgage and had been created without judicial proceedings, such lien was not vacated by Bankr. Act, §§ 67c, 67f, providing for the vacation of liens dependent on judicial proceedings within four months of bankruptcy, and so the rights of the bank could not be determined in summary proceedings.

[Ed. Note.—For other cases, see Bankruptcy. Cent. Dig. § 447; Dec. Dig. ⬅288(2).]

3. BANKRUPTCY ⬅156—PENDING ACTIONS—JUDGMENT—PERSONS CONCLUDED.

After bankruptcy of a mortgagor the trustee caused himself to be substituted for the bankrupt in an action of replevin brought by the mort-

gagee before bankruptcy. The trustee renounced all claim to return of the property, relying on a counterclaim for damages for the taking and detention of the property, and participated in the trial, securing a verdict and judgment of one dollar damages. This the mortgagee paid. *Held*, that the issue of damages thus became adjudicated, and the trustee could not thereafter assert any claims to the proceeds of the mortgaged property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. ☞156.]

Petition to Revise Order of the District Court of the United States for the District of New Mexico; William H. Pope, Judge.

In the matter of the bankruptcy of Monte L. Powell and Minnie A. Powell. Petition by the American Trust & Savings Bank to revise an order of the District Court, made on application of B. Ruppe, trustee in bankruptcy. Order reversed and set aside, and cause remanded.

O. N. Marron and Francis E. Wood, both of Albuquerque, N. M., for petitioner.

Reed Holloman, of Santa Fé, N. M., for respondent.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. The American Trust & Savings Bank, a corporation, presents a petition to revise an order of the District Court made April 28, 1916, directing the bank to pay over to the trustee of the estates of Monte L. Powell and Minnie A. Powell, bankrupts, a specified part of the proceeds of the sale of property formerly owned by them made by the bank under a mortgage to it given by the Powells on May 6, 1914, to secure their debt of $4,600 to the bank. On October 17, 1914, the bank brought an action in replevin in one of the district courts of the state of New Mexico based on the mortgage and the alleged breach of its provisions by the mortgagors, the sheriff took the mortgaged property under the writ of replevin of that court and delivered it to the bank which had the possession of it and was proceeding to advertise it for sale under the terms and power in the mortgage when on October 20, 1914, the Powells filed in the United States District Court for the District of New Mexico a voluntary petition in bankruptcy and were adjudged bankrupts. On October 30, 1914, in a summary proceeding in the bankruptcy court over the objection and protest of the bank on the ground that the bankruptcy court had no jurisdiction of the mortgaged property, of it, or of its adverse claim to the property, an objection and protest which the bank maintained throughout all the proceedings, that court ordered the bank to cease prosecuting its replevin suit and to take no further steps toward the sale of the property under its mortgage. On November 18, 1914, on the petition of the trustee, the state court substituted the trustee for the Powells as defendant in the replevin action. On November 21, 1914, the bank applied to the bankruptcy court for a dissolution of its injunction, the court vacated it, but also ordered that the sale of the property should not be made by the bank for less than $6,000, that the sale should not affect the liens upon or

rights in the property, that the proceeds should stand in the place of the property and that the proceeds should be subject to the further order of the bankruptcy court. On December 19, 1914, the bankruptcy court in response to an application of the trustee for an order on the bank to hold $6,050, the proceeds of the sale of the property, until the determination of the action in replevin and upon the prayer of the bank in reply for the payment of its mortgage debt, interest and attorneys' fees out of this $6,050, ordered that the prayer of the bank be denied without prejudice and that its motion remain on the files of the court until the final determination of the action in replevin. The trustee answered the complaint in the replevin action and by his answer admitted the validity of the note, mortgage and claim of the bank for $4,600 and interest, denied that there had been any breach of the terms of the mortgage at the time action in replevin was commenced, demanded a return of the property and interposed counterclaims for damages to the amount of $20,000 for the taking and detention of the property. When the action came on for trial the trustee in open court waived all claim and right to a return of the property and elected to rely upon his claim for damages. The case was then tried to a jury which rendered a verdict in favor of the trustee for the sum of $1. Judgment was entered by the state court in his favor for that dollar and the bank paid and satisfied the judgment. Subsequently in April, 1916, the trustee made an application to the bankruptcy court for an order on the bank to pay over to him all of the $6,050, except what was due on its note for $4,600 on October 20, 1914. The bank claimed and demanded, in addition to its debt and interest to October 20, 1914, interest on its debt thereafter, expenses for caring for the property previous to the sale, about $900 for rent alleged to be secured by a landlord's lien upon these proceeds, and attorneys' fees in the replevin action. The court ordered that the bank retain out of the $6,050, the amount of its principal debt, interest thereon until November 30, 1914, and $81.25 for expenses, and that it pay over to the trustee the remainder of the fund. This is the order the revision of which is sought by the bank upon the facts which have been recited.

[1, 2] The first question is: Did the bankruptcy court have jurisdiction, without the consent and over the objection of the bank, to adjudge in a summary manner the validity or extent of its claim to the mortgaged property in its possession when the petition in bankruptcy was filed, or the validity or extent of its claim to the proceeds of that property?

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated." Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 377 (54 L. Ed. 402, 17 Ann. Cas. 969) ; In re Rathman, 183 Fed. 913, 919, 920,

923, 924, 928, 106 C. C. A. 253, 259, 260, 263, 264, 268; Stone-Ordean-Wells Co. v. Mark, 227 Fed. 975, 978, 979, 142 C. C. A. 433, 436, 437; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Mueller v. Nugent, 184 U. S. 1, 14, 15, 22 Sup. Ct. 269, 46 L. Ed. 405; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; Metcalf v. Barker, 187 U. S. 165, 175, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 180, 23 Sup. Ct. 78, 47 L. Ed. 128; In re Lummus (D. C.) 214 Fed. 891, 892.

Owners of claims of the first class are adverse claimants and have the right to an opportunity to prosecute and defend their claims in plenary suits according to the course of the common law, or the rules and principles of equity jurisprudence. One who, prior to the filing of a petition in bankruptcy, has acquired by other means than the legal proceedings specified in sections 67c and 67f of the bankruptcy law, a lien upon the property of a party subsequently adjudged bankrupt is an adverse claimant, and is entitled to all the rights and privileges of such claimant to the same extent as one who has acquired a claim of title to property from such a party. In re Rathman, 183 Fed. 913, 920, 921, 106 C. C. A. 253, 260, 261; Stone-Ordean-Wells Co. v. Mark, 227 Fed. 975, 976, 142 C. C. A. 433, 434; In re Shea (D. C.) 211 Fed. 365, 369; Jaquith v. Rowley, 188 U. S. 620, 621, 625, 626, 23 Sup. Ct. 369, 47 L. Ed. 620; Harris v. First National Bank, 216 U. S. 382, 383, 385, 30 Sup. Ct. 296, 54 L. Ed. 528; In re McMahon, 147 Fed. 684, 685, 77 C. C. A. 668, 669; Frank v. Vollkommer, 205 U. S. 521, 522, 526, 529, 27 Sup. Ct. 596, 51 L. Ed. 911; Carling v. Seymour Lbr. Co., 113 Fed. 483, 484, 485, 490, 51 C. C. A. 1, 2, 3, 8; In re Silberhorn (D. C.) 105 Fed. 899.

A bankruptcy court has no authority or jurisdiction, in the absence of lawful possession of the property by its officers, to draw to itself and determine in a summary proceeding the adverse claim of one claiming for his own benefit a lien upon or title to property of the bankrupt which was created, or is claimed to have been created, otherwise than by the legal proceeding specified in sections 67c, 67f, prior to the filing of the petition in bankruptcy. In re Rathman, 183 Fed. 913, 925–927, 106 C. C. A. 253, 265–267; First National Bank v. Title & Trust Co., 198 U. S. 280, 281, 282, 25 Sup. Ct. 693, 49 L. Ed. 1051; Louisville Trust Co. v. Comingor, 184 U. S. 18, 25, 22 Sup. Ct. 293, 46 L. Ed. 413; Murphy v. John Hofman Co., 211 U. S. 562, 569, 570, 29 Sup. Ct. 154, 53 L. Ed. 327; Tripp v. Mitschrich, 211 Fed. 424, 426, 128 C. C. A. 96, 98. At the time of the filing of the petition in bankruptcy the bank had a lien upon the mortgaged property which had been created prior to that time without suits or legal proceedings and had the possession of the mortgaged property. The action in replevin did not create the lien of the bank. That lien was created in May, 1914, by the act of the parties to the mortgage and the laws of the state of New Mexico. The bank was an adverse claimant in possession when the petition for the adjudication in bankruptcy was filed. Neither the bankruptcy court nor any of its officers ever acquired any possession of the mortgaged property or of its proceeds. The bank had the right to the trial of its claim in a plenary action according to the course of the common law, or in a suit in equity according to the rules and principles of equity jurisprudence,

and the bankruptcy court was without authority or jurisdiction in the absence of the consent of the bank to adjudge in a summary proceeding either the validity or the extent of its claim.

[3] Again, the trustee caused himself to be substituted for the bankrupt in the action in replevin, answered the complaint of the bank, renounced all claim to a return of the property, relied on its counterclaims for $20,000 damages for the taking and detention of the property, joined and participated in the trial of the action, and secured a verdict and judgment of $1 damages, which the bank has paid. That judgment was a conclusive adjudication that the value of the trustee's interest in the property and in its proceeds, and hence his damages from the appropriation of them by the bank, did not exceed $1. The bank has paid that dollar, and the trustee was estopped by that judgment from subsequently litigating in the bankruptcy court, or in any other court, the amount or value of his interest in the mortgaged property or its proceeds. That issue became res adjudicata by the judgment in replevin. The conclusions which have now been reached render the other questions discussed in the briefs immaterial. The orders of the bankruptcy court staying the action in replevin, directing the sale of the property and the distribution of the proceeds were erroneous. The order of the court below of April 28, 1916, and all other orders of that court, so far as they interfere with the disposition by the bank of the proceeds of the sale of the mortgaged property, must be, and they are hereby, set aside and held for naught.

Let the case be remanded to the court below, with instructions to proceed in accordance with the views expressed in this opinion.

TRIEBER, District Judge, concurs, on the ground that the bankruptcy court had no jurisdiction without the consent of the claimant to determine the validity or extent of its claim summarily, but expresses no opinion upon the question of res adjudicata.