In re CHAMBERS.

(District Court, N. D. Iowa, E. D., at Dubuque. January 2, 1919.)

No. 977.

BANKRUPTCY ⬤◁▷200(4) — LIENS — JUDGMENTS RECOVERED WITHIN FOUR MONTHS.

Under Bankruptcy Act July 1, 1898, § 67f (Comp. St. 1916, § 9651), providing that judgments obtained against an insolvent within four months of the filing of a petition in bankruptcy against him shall be deemed void, a judgment recovered by an Iowa landlord the day before the tenant filed a voluntary petition in bankruptcy is not entitled to priority over a chattel mortgage given and recorded some 20 months prior to the bankruptcy, regardless of the landlord's right to a lien under Code Iowa, § 2992.

In Bankruptcy. In the matter of Milton O. Chambers, bankrupt. Petition of the Commercial Trust & Savings Bank of Charles City for review of an order of the referee denying its claim to priority under a chattel mortgage, and allowing a judgment of Mrs. Margaret E. Gladwin as a lien prior and superior thereto. Order reversed, and matter referred back to the referee for further proceedings.

Submitted on petition of the Commercial Trust & Savings Bank of Charles City (called the petitioner) for review of an order of the referee denying its claim to priority under a chattel mortgage upon certain property of the bankrupt, made and recorded in the proper county more than four months prior to the adjudication in bankruptcy, and allowing a judgment of Mrs. Margaret E. Gladwin, recovered in the district court of Floyd county, Iowa, January 15, 1917, against the bankrupt, as a lien upon the property covered by the petitioner's mortgage, as prior and superior thereto.

J. C. Campbell, of Charles City, Iowa, for petitioner.
J. H. Lloyd, of Charles City, Iowa, for claimant.

REED, District Judge. The adjudication in bankruptcy was upon the voluntary petition of the bankrupt, prepared and signed January 12, 1917, filed and adjudicated January 16, 1917; the schedules of his assets and liabilities showing that he was then insolvent.

February 2, 1917, the petitioner filed its claim against the bankrupt estate, based upon a promissory note of the bankrupt dated March 15, 1915, for $1,661, due in two years, with interest, for money loaned to the bankrupt, secured by a chattel mortgage of the same date upon certain horses, cattle, and other live stock, which property, it is recited in the mortgage, "is free and clear of all claims and liens of every kind whatsoever," which mortgage was duly filed and recorded in the proper record in Floyd county, Iowa, where the property was

then situated, on March 17, 1915, two days after the mortgage was made, and asked that its claim be established and allowed as a prior lien on the property covered by its said mortgage.

January 12, 1917, the date the petition in bankruptcy was prepared and signed, Mrs. Gladwin, a sister of the bankrupt, who will be called the claimant, filed in the district court of Floyd county, Iowa, a petition to recover from the bankrupt some $450, alleged to be rent due her from him for certain land described in the petition, which she alleged was verbally leased by her to the bankrupt in December, 1914, for two years from March 1, 1915, and claimed a landlord's lien therefor under the Iowa Code (section 2992), and an attachment enforcing the same upon the property covered by the petitioner's mortgage, alleging that such property was used upon the land so leased by her to the bankrupt, during the term of such lease. Such action was commenced by Mr. Lloyd as her attorney, who was also attorney for the bankrupt in procuring the adjudication in bankruptcy. No notice or summons of the petition so filed was served upon the bankrupt; nor was the petitioner, whose mortgage was then of record in Floyd county, made a party to the suit, and it was never served with notice thereof. On the same day, January 12, 1917, Mr. Lloyd, as attorney for the claimant, procured from the bankrupt a writing, duly signed by him, admitting the debt and amount thereof as claimed by the claimant, filed the same in the state court as an appearance therein, consenting to the jurisdiction of the state court to entertain the suit at that term, though the term had actually commenced at the time required by law, some days before, and a judgment by default was entered against the bankrupt on January 15, 1917, for the amount claimed by the claimant, and a landlord's writ of attachment was issued and levied by the sheriff of Floyd county upon the property covered by the petitioner's mortgage, which property was later sold under such attachment, and the proceeds arising therefrom brought into the court of bankruptcy in this proceeding.

January 22, 1917, the claimant filed, or caused to be filed, in this proceeding a claim based upon her judgment so recovered in the state court for $474.90, and asked that it be allowed and established as a prior lien for rent upon the property covered by the petitioner's mortgage, and that petitioner's claim be denied as a claim or lien upon the property so covered by its mortgage. The referee allowed the claim as prayed by the claimant, and denied the claim of the petitioner under its mortgage.

Such in brief is a statement of the facts as shown by the record, so far as deemed material, which are not disputed, except that both parties claim the prior right to the property covered by petitioner's mortgage.

To the claim of Mrs. Gladwin is attached a letter of attorney by the claimant, appointing J. H. Lloyd as her attorney in fact, to act for and represent her in the bankruptcy proceeding.

To such claim the petitioner objected for the reasons, among others: (1) That the judgment upon which the claim is based was fraudulently procured and entered in the district court of Floyd county

within four months immediately preceding the adjudication in bankruptcy, without notice to the petitioner, and is of no effect against it; (2) that said judgment is invalid as a lien upon or claim against the bankrupt estate, under section 67 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [Comp. St. 1916, § 9651]). That section provides:

"Sec. 67f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same. * * * "

See Collier on Bankruptcy, p. 1084 et seq. (11th Ed.).

Under this section all attachments and other liens recovered in any legal proceedings against the bankrupt within four months immediately preceding the adjudication in bankruptcy are annulled, and the property affected by any such lien is wholly discharged therefrom. Clarke v. Larramore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Chi., B. & Q. R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306; In re Richards, 96 Fed. 935, 37 C. C. A. 634; In re Forbes, 186 Fed. 79, 108 C. C. A. 191; Cook v. Robinson, 194 Fed. 785, 114 C. C. A. 505; In re United Motor Chicago Co., 220 Fed. 772, 136 C. C. A. 378; Stone-Ordean-Wells Co. v. Mark, 227 Fed. 975, 142 C. C. A. 433; In re Southern Arizona Smelting Co., 231 Fed. 87, 145 C. C. A. 275. And see Casady & Co. v. Hartzell et al., 171 Iowa, 325, 151 N. W. 97.

As the claimant relies alone upon the judgment of the state court as establishing her lien upon the property covered by the petitioner's mortgage, as prior thereto, the objection of the petitioner challenges the validity of her claim at its foundation.

That the Iowa statute (Code, § 2992) gives a landlord a lien upon all crops grown upon the leased premises, and other personal property of the tenant, not exempt from execution, that has been used upon such premises during the term of the lease, if properly established, is not and cannot be successfully challenged; but whether or not the judgment of a state court establishing such a lien against a bankrupt alone only one day before his adjudication, without service or summons upon him, but upon his voluntary appearance and consent to the judgment and lien of the landlord, is valid as against a good-faith mortgagee of certain property of the bankrupt, duly made and recorded nearly two years before the adjudication, who has had no opportunity to challenge or contest such lien, is quite another question, and especially a judgment recovered under the circumstances shown by this record.

The objection of the petitioner to the judgment of this claimant so recovered may not strictly reach to the question of the validity of a landlord's lien, regardless of the attachment or decree establishing the same; but that question is not raised in this proceeding, and need not be considered.

In Chi., B. & Q. R. Co. v. Hall, 229 U. S., above, it is said of section 67f of the Bankruptcy Act·

"Barring exceptional cases, which are especially provided for, the policy of the [Bankruptcy] Act is to fix a four months period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void."

As the finding and order of the referee is based wholly upon the judgment of the state court, which judgment is annulled by section 67 of the Bankruptcy Act, the order of the referee must be and is reversed, and the matters referred back to the referee for further proceedings not inconsistent with the views herein expressed.

It is ordered accordingly.