## HERMAN v. CULLERTON.

### In re McNULTY.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1926.)

No. 4759.

**1. Bankruptcy ⬄20(1).**

Rule that bankruptcy estate is within exclusive jurisdiction of bankruptcy court after petition is not inconsistent with jurisdiction of state court in case instituted therein, subject-matter of which is within its jurisdiction.

**2. Bankruptcy ⬄305.**

Judgment of state court in suit against brokers for proceeds of stock pledged to secure loan to plaintiff through bankrupt as agent *held* binding on trustee, who defended after adjudication of bankruptcy.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

In the matter of the bankruptcy of W. H. McNulty. Petition by Martin J. Cullerton, trustee, against Julius G. Herman, for injunction against enforcement of a judgment of the state court. From an order granting the injunction, Julius G. Herman appeals. Order set aside, and case remanded, with directions.

This is an appeal from a decree enjoining Herman, appellant herein, from further prosecuting in the state court an action wherein, in November, 1925, Herman, as plaintiff, recovered a judgment against Cullerton, defendant, appellee herein, as trustee in bankruptcy of W. H. McNulty, bankrupt, in any manner other than filing in the United States District Court and proceeding therein with his claim founded upon the judgment obtained in the state court.

In the state court Herman sued Logan & Bryan, brokers, to recover a sum in excess of a debt due themselves and remaining in their hands on June 16, 1925, after sale of certain shares of Cerro de Pasco copper stock pledged to Logan & Bryan to secure a loan alleged to have been made by them to Herman through McNulty, alleged agent. On June 19, 1925, the day Herman filed his suit in the state court, McNulty filed a petition in voluntary bankruptcy in the federal court and was thereafter adjudged a bankrupt. It does not appear whether the filing of the petition preceded or followed the institution of the action in the state court. On July 14th Cullerton was appointed trustee. The state court granted Logan & Bryan leave to pay the sum in controversy to the clerk of the state court, and Cullerton, as trustee, was by stipulation of parties substituted as defendant for Logan & Bryan.

The trustee by answer challenged the jurisdiction of the court, set up that McNulty was adjudged a bankrupt, and denied the right of Herman to recover on the merits. By amendment to his answer he alleged that the money paid into the court by Logan & Bryan was no part of the proceeds of Cerro de Pasco stock sold, on June 16, 1925, by order of the bankrupt, at the direction of Herman, nor any part of the proceeds of any stock sold by Logan & Bryan prior to July 24, 1925, but that the sums were part of a credit balance owing to the estate of McNulty by virtue of sales of various securities carried on marginal contract by Logan & Bryan for McNulty after McNulty was adjudged a bankrupt. The answer further set up that, pursuant to an order made by the referee in bankruptcy, Logan & Bryan were ordered to pay to the trustee certain sums realized from sales of stocks, excepting the sum of $1,893.96, which, by consent of all parties, was deducted and suffered to be paid into the hands of the clerk of the state court, solely to relieve Logan & Bryan from the expense of defending, and to acquit them of liability by reason of the matters alleged in the complaint in the state court, and to effect a substitution of parties. The state court proceeded and rendered judgment in favor of Herman, and that he recover the sum on deposit with the clerk.

Cullerton, as trustee, appealed to the Supreme Court of the state, and in December, 1925, filed the petition herein, asking injunction against enforcement of the judgment of the state court. His petition alleges that among the debts scheduled in the bankruptcy proceedings of McNulty was that for $1,893.96 due Herman, arising out of an express contract whereby the bankrupt, as a stockbroker, carried on certain marginal stock trading transactions for Herman; that

by direction of the federal court he answered the complaint in the state court and resisted jurisdiction over the subject-matter and the right of Herman to recover on the merits; that "pursuant to comity," and for the purpose of maintaining the status of the litigation unchanged as to Logan & Bryan, there was paid into the state court, a sum equal to Herman's demand for judgment against Logan & Bryan; that the money was deducted from a fund in excess of $19,000, which was derived from the sale of various pledged stocks of the bankrupt, but that the money in custody of the state court was a portion of the estate of the bankrupt; that there are many creditors of the bankrupt, whose claims are of equal equity and rank with that which Herman asserts in the state court action, and that such creditors are entitled to be heard as against Herman, and to contest Herman's right to participate in the bankrupt estate as a general creditor.

Herman's objections to jurisdiction and his demurrer to the petition were overruled, and injunction was granted to the extent already stated. It appears that the Supreme Court of the state has dismissed Cullerton's appeal to that court, for the reason that the trustee, after taking the appeal and while it was pending in the Supreme Court, obtained a decree in the federal court permanently enjoining Herman from enforcing the judgment obtained in the state district court. Herman v. Cullerton, Trustee (Mont.) 244 P. 484.

Lowndes Maury, Reuben Maury, and Maury & Brown, all of Butte, Mont., for appellant.

Harlow Pease, of Butte, Mont., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] The general principle that from the time of filing the petition in bankruptcy the estate is in custodia legis and within the exclusive jurisdiction of the bankruptcy court (Acme Harvester Co. v. Beckman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208) is in no way inconsistent with the exercise of jurisdiction by a state court in a case instituted therein, where the subject-matter is within the jurisdiction of the state court (Remington on Bankruptcy, §§ 2131, 2182). Here, by consent, the brokers, admitting that they had funds belonging to one or the other of the original litigants, paid the fund into the state court,

there to be the subject of litigation. To determine the right to this fund Herman could proceed with his action in the state court, and the trustee, with leave of the bankruptcy court, by appearing and asserting a defense on the merits, acted in his efforts to preserve the fund as an asset of the estate of the bankrupt. Heath v. Shaffer (D. C.) 93 F. 647; Linstroth Co. v. Ballew, 149 F. 960, 79 C. C. A. 470, 8 L. R. A. (N. S.) 1204; Remington on Bankruptcy, § 2047. The findings made by the state court do not appear, but, as there was no limitation put upon the defense that the trustee might interpose, we deduce from the pleadings filed in the state court that it was adjudged that Herman was an undisclosed principal stepping over the head of McNulty, his agent, who had acted as principal, and that as against Logan & Bryan and the trustee in bankruptcy representing general creditors, Herman had a right to the fund then actually on deposit with the state court. Thus the trustee's right to the fund on deposit was litigated, and he is bound by the judgment. In re Roberts, 213 F. 905.

The case before us is distinguishable from In re Stringer, 230 F. 177, cited by appellant. There a claimant presented to the District Court in bankruptcy a claim founded upon a judgment obtained in the state court, wherein the trustee in bankruptcy was substituted for the brokers who held the collateral against the bankrupt. When the claim was brought into litigation in the state court, the brokers, who were there defendants, and held the collateral, and applied it to the payment of their own loan, refused to turn over the balance to the trustee on the ground that they wished to interplead the bankrupt estate as a defendant to the action in the state court. They admitted possession of the amount claimed by the plaintiff, which was the property of the bankrupt. The United States court in bankruptcy on application of the trustee held that the property should be turned over to the trustee, but he was authorized to intervene in the suit in the state court to dispose of that litigation and to fix the amount of the claim. The result was that the surplus accounted for by the brokers (which in this case is the money deposited by Logan & Bryan in the state court) was turned over to the trustee, which surplus was found by the state court to have been derived in part from the property of the plaintiff, who, in the federal court, sought its return.

In the bankruptcy court the trustee re-

sisted the application on behalf of all others claiming through him, and the court held that the judgment holder stood in the position of a claimant against the estate in the hands of the trustee in bankruptcy, whose claim could not be disputed, "except by those claimants of equal rank in the bankruptcy proceeding,". and that the trustee had not right to bind one claimant, or set of claimants, as against another, by litigation on behalf of the brokers the validity of their claim as against the bankrupt, and that the jurisdiction of the state court, in deciding the validity of the claim of the judgment holder, did not affect the right of the bankruptcy court to pass upon all claims presented to it with respect to property in the control of its officers. That ruling, though logical, is inapplicable to a case like ours, where the brokers have never admitted that the fund belonged to the bankrupt, and where the fund never has been in the hands of the trustee and by consent was paid into and held by the state court, there to be held while the plaintiff and the trustee litigated the question whether the trustee, as against the plaintiff, had any right to the fund deposited. We cannot see how the trustee can now avoid the conclusiveness of the adjudication upon the merits. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Winchester v. Heiskell, 119 U. S. 450, 7 S. Ct. 281, 30 L. Ed. 462; In re Van Alstyne (D. C.) 100 F. 929; Handlan v. Walker, 200 F. 566, 119 C. C. A. 46; In re Neely, 113 F. 210, 51 C. C. A. 167; American Trust & Savings Bank v. Ruppe, 237 F. 581, 150 C. C. A. 463; Black on Bankruptcy, § 199.

The order of the District Court must be set aside, and the case is remanded, with directions to proceed in accordance with the views herein expressed.