W. S. DANBY MILLINERY COMPANY v. MARIAN DOGAN ET AL.

Decided October 30, 1907.

1.—Bankruptcy—Garnishment Lien—Statute Construed.

In order to render a garnishment lien null and void against a bankrupt's estate it must be shown, not only that the lien was created within four months prior to the filing of the petition in bankruptcy, but also that the debtor was insolvent at the time the lien was created. These facts must concur.

**2.—Garnishment—Practice.**

The refusal of the trial court to postpone a garnishment case until a pending motion for new trial and a probable appeal from the judgment in the main case is disposed of, is not reversible error when it appears from the record that the motion for new trial was overruled and no appeal was ever taken from said judgment.

**3.—Debt—Judgment Before Maturity—Practice.**

The fact that a judgment was rendered on a debt not then due can not be urged as ground for reversal of a judgment in a garnishment proceeding based on such debt when the point was not made in the trial court either in the main case or in the garnishment suit.

Appeal from the County Court of Galveston County. Tried below before Hon. Wm. B. Lockhart.

*Maco & Minor Stewart,* for appellant.—The defendant, W. S. Danby Millinery Co., having been adjudged involuntary bankrupt within less than four months after the issuance of the writs of garnishment, said writs of garnishment became null and void and of no force or effect, and said garnishment cause should have been dismissed. Subsection F of sec. 67, Bankrupt Act 1898, U. S. Comp. St. 1901, p. 3450; Brandenburg on Bankruptcy (2d ed.), sec. 38, chapter LXVII, page 669; In re McCarty, 7 Am. Bank. Reps., 40; In re Beals, 8 Am. Bank. Reps., 643, 644, 645; Wood v. Car, 10 Am. Bank. Reps., 579; 73 S. W. Rep., 763; Bear & Co. v. Chase, 3 Am. Bank. Reps., 750, et seq.; In re Kenney, 2 Am. Bank. Reps., 494; In re Francis-Valentine Co., 2 Am. Bank. Reps., 188, 522; In re Kemp, 4 Am. Bank. Reps., 242; Kosches v. Libowitz, 56 S. W. Rep., 613; In re Richards, 95 Fed. Rep., 258; In re O'Connor, 95 Fed. Rep., 943.

The lien of the garnishment process, having attached to the property of the appellant at a time when it was insolvent, and within four months of its adjudication in bankruptcy, became null and void, of no further force or effect by the adjudication in bankruptcy of the appellant. Authorities same as under preceding proposition, also: In re Arnold, 2 Am. Bank. Reps., 180; 94 Fed. Rep., 1001; In re Burrus, 3 Am. Bank. Reps., 296; 97 Fed. Rep., 926; In re Hammond, 3 Am. Bank. Reps., 466; 98 Fed. Rep., 845.

Application for garnishment should show positively the amount due and the amount not due at the time the application is made. Evans v. Tucker, 59 Texas, 249; Marshall v. Alley, 25 Texas, 342; Avery v. Zander, 77 Texas, 207; Sydnor v. Totman, 6 Texas, 189; Cor. v. Reinhardt, 41 Texas, 591; Brown v. Chancellor, 61 Texas, 437; Seligson v. Hobby, 51 Texas, 147.

Until the motion for new trial had been overruled and appeal to be taken decided, no final judgment had been rendered in main suit on which to base judgment in garnishment proceeding. Thompson v. Burnham, 1 App. Cases, W. & W., sec. 1058; Missouri Pac. Ry. Co. v. Houston Flour Mill Co., 2 App. Cases; W. & W., sec. 573; Emanuel v. Smith, 38 Ga., 602.

*James B. & Charles J. Stubbs,* for appellee Dogan.—The liability of the surety on the replevy bond in this garnishment proceeding was

not altered by the bankruptcy of the debtor.   Pinkard v. Willis & Bro., 24 Texas Civ. App., 71; Seinsheimer v. Flanagan, 17 Texas Civ. App., 432; Tinsley v. Ardrey, 64 S. W. Rep., 805.

NEILL, ASSOCIATE JUSTICE.—In a suit brought by M. Dogan on November 29, 1905, against W. S. Danby Millinery Co., for $250, writs of garnishment were issued on November 29 and December 1, 1905, and served on the Insurance Company of North America and the Providence-Washington Insurance Company, respectively, on said dates.

On January 15, 1906, each company answered that it was indebted to the Millinery Company in the sum of $525, and on December 4, 1905, the Millinery Company filed a statutory replevy bond in the sum of $500 with the American Surety Company of New York as surety, and replevied the money in the hands of the insurance companies.

On December 16, 1905, the defendant, W. S. Danby Millinery Co., was adjudged an involuntary bankrupt.

On May 31, 1906, judgment was rendered in favor of Marian Dogan against said company for the sum sued for.   The garnishment proceedings being afterwards taken up, the Millinery Company moved the court to continue the case until a motion for a new trial, which was pending in the original suit, should be disposed of, or until an appeal, if taken in the event such motion should be overruled, should be finally determined.   The motion to continue the garnishment case was denied.   The Millinery Company appeared in the garnishment case and pleaded its insolvency and discharge in bankruptcy in bar of plaintiff's right to recover against the garnishees and the surety on the replevy bond, by virtue of which it obtained possession of the funds which were garnished in the hands of the insurance companies.

On June 7, 1906, the court rendered judgment in favor of the plaintiff, Marian Dogan, against the insurance companies as garnishees, and the American Surety Company of New York as surety on the replevy bond filed in the case, for the sum of $250, together with interest thereon from June 7, 1906, at the rate of six percent per annum, and all costs of suit.   This judgment was simply nominal as against the insurance companies as garnishees, providing that no execution should issue against them, but that it issue against the American Surety Company of New York as surety on the replevy bond.   This appeal is prosecuted by the Millinery Company from said judgment.

The first assignment of error is as follows: "The court erred in not dismissing and setting aside the garnishment proceedings, and in rendering judgment therein as against the defendant, W. S. Danby Millinery Co., and the garnishees and the surety on the replevy bond, for the reason that said defendant, W. S. Danby Millinery Co., was adjudged an involuntary bankrupt within less than four months from the date of the issuance of said writs of garnishment."   The second assignment is the same in effect.

Under the first is asserted this proposition: "The defendant, W. S. Danby Millinery Co., having been adjudged an involuntary bankrupt within less than four months after the issuance of the writs of garnish-

ment, said writs of garnishment became null and void and of no force or effect, and said garnishment cause should have been dismissed."

Under the second assignment it is asserted: 1. "The lien of the garnishment process, having attached to the property of the appellant at a time when it was insolvent, and within four months of its adjudication in bankruptcy, became null and void, or no further force or effect, by the adjudication in bankruptcy of the appellant." 2. "The adjudication of bankruptcy of the defendant established the fact of its insolvency, and the garnishments, having been issued within four months prior to the adjudication, would fail under sections 67c and 67f of the Bankruptcy Law."

The plaintiff and J. K. Hughes, vice-president of the Millinery Company, testified that said company "was shaky for about a month before and up to the date of its adjudication in bankruptcy." Aside from the fact that the company was, on December 16, 1905, adjudged an involuntary bankrupt, there is no other evidence tending to show that the company was insolvent at the time the writs of garnishment were issued and served. Section 67f of the Bankrupt Act provides: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless," etc.

In order to render the lien null and void under this provision it must appear that the person was insolvent at the time the lien was created. If he was solvent at the time the lien was obtained, it will not be invalid although it was obtained within four months prior to the filing of the petition in bankruptcy against the owner of the property upon which the lien was obtained. In other words, in order to render such lien null and void, *the time* it was created must not only have been within four months prior to the filing of the petition in bankruptcy, but the person must have been insolvent *at the time* it was created.

The trial court, in rendering the judgment, must have found that the insolvency of the Millinery Company, at the time the writs of garnishment were issued and served, was not proved. The judgment itself involves such a finding; and in view of such findings we are not able to hold, as a matter of law, from the evidence before us, that the company was insolvent when the liens, by virtue of the writs of garnishment, were obtained upon the money in the hands of the insurance companies. The money, when seized, was the property of the execution defendant, and it not being shown that such defendant was insolvent at the time the lien upon the funds was obtained by the service of the writs of garnishment, though it was within four months prior to its being adjudged a bankrupt, a valid lien was thereby acquired, and the plaintiff was entitled to recover against the surety on the replevy bond the amount of its indebtedness, secured by the lien on the

funds, for which said bond was given and stood in lieu of. Pinkard v. Willis, 24 Texas Civ. App., 71.

It was not urged in the court below, upon the trial of the main case, that all of the debt for which the writs of garnishment were sued out was not due, and as no motion was made to quash the writs on that ground, and as the money seized by virtue of them was replevied, appellant is in no attitude to urge such objection here.

As it does not appear from the agreed statement of the parties, or anywhere in the record, that the motion for a new trial in the main case was ever granted, or that any appeal was taken from the judgment in that case in favor of the appellant against appellee, we cannot perceive how it could have been prejudiced by the failure of the court to grant its application for a continuance, or in trying and disposing of the garnishment cases at the time and in the manner it did.

There is no error assigned requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error dismissed for want of jurisdiction.