# Keystone Brewing Company *v.* Schermer, Appellant.

*Judgments—Bankruptcy—National Bankruptcy Act of 1898, Sec. 67, Clause f—Insolvency—Evidence—Burden of proof—Lien of judgment on real estate—Discharge of liens by bankruptcy proceedings—Creditors—Rights of creditors not parties to bankruptcy proceedings.*

1. The lien of a judgment entered within four months prior to the filing of a petition in bankruptcy against the judgment defendant who is subsequently adjudged a bankrupt is not invalidated under the provisions of clause "f," Section 67 of the National Bankruptcy Act of 1898, which declares null and void all levies, judgments, attachments, or other liens, obtained against an insolvent within four months prior to the filing of a petition in bankruptcy against him in case he is adjudged a bankrupt, unless it appear that the defendant was insolvent at the time when the judgment was entered, and the burden of proving such insolvency rests upon the party alleging it.

2. The vendee of land subject to the lien of such a judgment agreed with his vendor to pay off existing liens, and gave him an option to repurchase the land. In bankruptcy proceedings, begun on the day of the conveyance, the vendor was adjudged a bankrupt. The land was not listed among the bankrupt's assets, and never came within the custody of the bankruptcy court; the trustee merely sold the bankrupt's option to repurchase, and induced the vendee of the land to pay over the balance of the purchase money which was applicable under the contract of sale to the discharge of liens. The judgment creditor was not a party to these arrangements, never proved his debt in the bankruptcy court, and did not share in the dividend which was declared. *Held,* in an action of scire facias to revive and continue the judgment as a lien on the land, that neither the bankruptcy proceedings nor the acts of the trustee had in any way impaired the validity of the lien.

*Judgments—Sci. fa. to revive—Rule to open judgment—Res adjudicata.*

3. Where a rule to open judgment taken for the purpose of fixing the amount due thereon has been discharged, the judgment defendant cannot subsequently, in an action of scire facias to revive the judgment, question the amount due, this is res adjudicata.

Argued Feb. 26, 1913.   Appeal, No. 51, Jan. T., 1913, by Jacob Schermer and Samuel Miller, Jr., from judgment of C. P. Lackawanna Co., Oct. T., 1911, No. 194, on findings of referee in favor of plaintiff, in case of Keystone Brewing Company or R. C. Wills v. Jacob Schermer, Defendant, Samuel Miller, Jr., Terre Tenant, and M. Nagelberg, formerly a Terre Tenant.   Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Affirmed.

Scire facias to revive and continue the lien of a judgment on certain real estate.

The opinion of the Supreme Court states the facts.

The case was referred to a referee, who found for plaintiff.   Exceptions to the referee's findings were dismissed by the court and judgment was entered for plaintiff.   Defendants appealed.

*Errors assigned* were in dismissing the exceptions and in entering judgment for plaintiff.

*A. A. Vosburg,* with him *Joseph F. Gilroy,* for appellants.

*J. E. Sickler,* with him *H. D. Carey,* for appellees.

Opinion by Mr. Justice Potter, June 27, 1913:

On June 28, 1911, a writ of scire facias, for the purpose of reviving and continuing the lien of a judgment on certain real estate described in the præcipe and writ, was issued against Jacob Schermer, defendant, with notice to Samuel Miller, Jr., terre tenant, and M. Nagel-

berg, formerly terre tenant. Pleas were filed, and by agreement the case was sent to a referee. From his finding of facts it appears that the judgment sought to be revived was entered November 14, 1907, on a note of that date, for the sum of $1,560.59, with interest, made by Jacob Schermer, and payable one day after date to the Keystone Brewing Company or R. C. Wills. The note represented indebtedness of Schermer to the Brewing Company. At the date of the entry of the judgment Schermer was the owner of the real estate described in the writ of scire facias, which was situated in Lackawanna County, and the præcipe and writ limited the proceedings to that real estate, no personal judgment against Schermer being sought. On January 9, 1908, the property in question was conveyed by Schermer and wife to Nagelberg, and the deed was duly recorded. A contemporaneous agreement was executed by Nagelberg and Schermer which recited Schermer's financial difficulties, and that Nagelberg was willing to advance money to the creditors of Schermer, and extend a credit to him provided the real estate of the latter should be transferred to Nagelberg. An accurate account of the moneys expended in the payment of liens was to be kept by Nagelberg, and upon repayment to him of all moneys thus expended, with interest thereon, Schermer was to be entitled to a reconveyance of the property at the end of a year from the date of the deed and agreement. On the same day the deed from Schermer to Nagelberg was executed and recorded, an involuntary petition in bankruptcy was filed against Schermer, and on March 2d, he was adjudicated a bankrupt, and on October 15, 1908, he was discharged from bankruptcy. Among the list of debts scheduled by the bankrupt was the judgment note on which the judgment now sought to be revived was entered. He did not list the property in question in his schedule of assets, but did include the option to purchase the same, which option was afterwards sold by the trustee in bankruptcy for the sum of $25.00. The trus-

tee in bankruptcy made no attempt to set aside the conveyance to Nagelberg, but demanded from him payment of the balance of the purchase price remaining in his hands which had not been applied to the payment of liens; and Nagelberg thereupon paid over to the trustee the sum of $1,578.09 as such balance. The plaintiffs in this case filed no claim on their judgment against the bankrupt's estate. On March 11, 1909, the real estate in question was conveyed by Nagelberg and wife to Samuel Miller, Jr., named in the writ as terre tenant, and the deed was recorded. When the latter transfer was made, an agreement similar to that between Nagelberg and Schermer was entered into between Miller and Schermer, the latter being given an option to purchase at any time within five years. On January 10, 1908, a rule was granted to show cause why the judgment should not be opened as to all thereof in excess of $1,154.52 but the rule was afterwards discharged for reasons not appearing on the record. The referee concludes his findings with the following statement: "From the credible evidence in the case I find that the judgment debtor, Jacob Schermer, was not insolvent on the date when the judgment in question was entered, to wit, November 14, 1907." Upon the facts as found, the referee held that the plaintiffs were entitled to judgment de terris for the full amount of the original judgment, with interest. Exceptions which were filed by the defendant Schermer, and terre tenant Miller, to the report of the referee were overruled by the court below, and judgment was entered in accordance with the recommendation of the referee. The exceptants have appealed.

The first question raised is the effect of the bankruptcy proceedings upon a judgment entered within four months. In section 67, clause f, of the United States Bankruptcy Act of 1898, it is provided "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a peti-

tion in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same." It will be noticed that under this section, two things are required in order to render a lien void. First, it must have been entered within four months prior to the filing of the petition in bankruptcy. In the present case the judgment was entered within this period. Second, the judgment must have been entered against a person who was insolvent at the date of its entry. In Simpson v. Van Etten (U. S. C. Ct., E. D. Pa.) 108 Fed. 199, DALLAS, Circ. J. said (p. 201) : "This limitation is one which cannot be disregarded. As was said by Mr. Collier in his work on Bankruptcy (3d Ed., p. 434) : 'Not all liens obtained against one afterwards and within four months adjudged bankrupt are deemed null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. It is evident a lien might be obtained against one who is adjudged bankrupt within four months thereafter, but who was not insolvent at the time the lien was obtained. The act of bankruptcy and the insolvency might have occurred at some period ⁓subsequent to the creation of the lien. If so, the adjudication of bankruptcy would in no way determine whether or not the party was insolvent at the time the lien was created.' The correctness of this view of the effect of clause 'f' is, I think, unquestionable."

Whether or not the bankrupt was insolvent at the time of the entry of the judgment is a question of fact which has been determined by the referee, and he has found that the judgment debtor, Jacob Schermer, was not insolvent when the judgment was entered. It was not therefore void for this reason. If the lien of the judgment on the bankrupt's real estate was valid, and was not avoided by the adjudication in bankruptcy, then his grantee took the land subject to the lien of the judg

ment, and no action by the trustee in bankruptcy to which the lien creditors were not parties, could affect his rights. Whether the trustee elected to take proceedings to rescind the sale, or chose to confirm it and collect the balance of the purchase money, made no difference. In either case the land was subject to the lien of the judgment. We think too, that the referee rightly held that the burden of proving the insolvency of the judgment debtor at the date of the entry of the judgment rested upon the party alleging it. On the record the judgment is regular and apparently valid, and it is incumbent on those attacking its validity to establish their allegations by affirmative proof. As to the amount due on the judgment, that question is res adjudicata. It appears from the seventeenth finding of fact, that a rule was taken to open the original judgment in order to fix the amount due upon it, which rule was subsequently discharged. In Ahl v. Goodhart, 161 Pa. 455, it was held, as appears from the syllabus, that "Where a rule to open a judgment confessed has been discharged, the defendant cannot subsequently, on a scire facias to revive the judgment, set up as a defense the same matters that were passed upon by the court on the rule to open the judgment. Such matters are res adjudicata." And in Campbell's Appeal, 118 Pa. 128, it is said, "The only defense to a scire facias to revive a judgment is a denial of its existence or proof of a subsequent satisfaction or discharge: Dowling v. McGregor, 91 Pa. 410. And in such proceeding the merits of the original judgment cannot be inquired into."

In none of the assignments of error do we find anything which should be sustained. They are all overruled, and the judgment is affirmed.