### In re PYATT.

(District Court, D. Nevada. December, 1918.)

1. BANKRUPTCY ⬭391(1)—POWERS OF COURT—ALIMONY.
   A bankruptcy court cannot prevent a state court from inflicting contempt punishment upon a bankrupt, refusing to comply with the state court's order regarding alimony.

2. BANKRUPTCY ⬭421(5)—DEBTS DISCHARGEABLE—ALIMONY.
   Alimony due or to become due is not a debt dischargeable in bankruptcy.

3. BANKRUPTCY ⬭41—VOLUNTARY BANKRUPTCY—SOLVENT PERSONS.
   A solvent person may voluntarily have his property distributed among his creditors under the Bankruptcy Act (Comp. St. §§ 9585–9656).

4. BANKRUPTCY ⬭48—DISMISSAL—DIVORCE.
   A voluntary bankruptcy proceeding will not be dismissed, because instituted to escape payment of alimony and contempt proceedings in a state court, since a dismissal would merely invite involuntary proceedings against the bankrupt and result in no particular advantage to his wife.

In Bankruptcy. In the matter of George Pyatt, bankrupt. On motion to dismiss the proceedings. Denied.

Marois & Burrows, of Reno, Nev., for bankrupt.
Hoyt, Gibbons, French & Henley, of Reno, Nev., for trustee.
Mack & Green, of Reno, Nev., for Mrs. May Ella Pyatt.

FARRINGTON, District Judge. [1, 2] In February of the present year George and May Ella Pyatt were married. After living together a short time, Mrs. Pyatt obtained a divorce on the ground of

cruelty. In the decree she was awarded alimony at the rate of $50 per month. The ·decree was rendered May 7th. October 14th George Pyatt was in this court adjudged a voluntary bankrupt. November 16th Mrs. Pyatt filed a motion to dismiss the bankruptcy proceedings on the ground they were commenced for the purpose of defeating the order of the state court requiring Pyatt to pay alimony. This motion was resisted by Marois & Burrows, attorneys for the bankrupt, and also by Hoyt, Gibbons, French & Henley, attorneys for the trustee in the bankruptcy proceedings.

Numerous witnesses were examined, and from· the testimony it is quite evident that Pyatt began bankruptcy proceedings, hoping thereby to prevent his former wife from collecting alimony. In fact, on the 30th day of October there was filed in the bankruptcy matter a petition in which he asked that Mrs. Pyatt and her attorneys be enjoined and restrained from taking any steps to have him punished for contempt, in that he had failed to pay installments of alimony, as directed by the state court. That court, when it ordered him to pay alimony, was acting within its authority. If for any reason the order was erroneous, the error was one to be corrected in that court, or in the Supreme Court of Nevada. This court has no appellate or revisory jurisdiction in such cases. It is powerless to prevent the state from punishing Pyatt for refusing to obey such an order, or to relieve him from his obligation to pay installments of alimony. Alimony due or to become due is not a debt dischargeable in bankruptcy. Collier on Bankruptcy. p. 438.

On the hearing of the motion the testimony of the witnesses tended to show that the bankrupt's assets exceeded his liabilities. The bankrupt's schedule, however, shows assets, including exemptions, amounting to $2,397.70, and liabilities amounting to $6,702.49, and names 20 creditors. Under section 4 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 547 [Comp. St. § 9588]), any person, except a municipal, railroad, insurance, or banking corporation, is entitled to the benefit of the act as a voluntary bankrupt.

[3] It has frequently been held that a creditor cannot intervene to oppose an adjudication under an ordinary voluntary petition in bankruptcy on the ground that the would-be bankrupt is insolvent. The act does not require that the bankrupt should be insolvent. A solvent person may have his property distributed among his creditors in the manner provided by statute, if he so desires. Hanover Nat. Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113, 8 Am. B. R. 1; In re Jehu (D. C. Iowa) 2 Am. B. R. 498, 94 Fed. 638; In re Ives (C. C. A. 6th Cir.) 7 Am. B. R. 692, 113 Fed. 911, 51 C. C. A. 541; In re Carleton (D. C. Mass.) 8 Am. B. R. 270, 115 Fed. 246; Collier on Bankruptcy, pp. 141, 840, 856.

I am aware in the Carleton Case, supra, Judge Lowell states that in the District Court of Massachusetts, in an unreported case, it was held that a creditor may have an adjudication set aside, if the whole proceeding is a fraud on the act, and an abuse of process. Neither the facts nor the reasoning in that case are disclosed, so it is impossible to say how the rule was applied, or what embarrassment to a particular

creditor occasioned by a voluntary bankruptcy proceeding was deemed sufficient to require a court to set aside an adjudication.

If an insolvent person owing more than one debt files a voluntary petition after his property has been attached by one of his creditors, the latter undoubtedly is embarrassed, for otherwise he might have collected his claim in full; still it would be impossible to regard the proceeding as a fraud on the act. An unworthy motive for the exercise of a legal right is not sufficient to extinguish the right.

[4] In the present case Pyatt sought to interpose bankruptcy proceedings between himself and impending punishment for contempt committed in the state court. To that punishment he is still amenable, and Mrs. Pyatt's claim for alimony cannot be extinguished or discharged by this court in the bankruptcy proceedings. Pyatt can obtain the benefit of no exemptions here which would not have been good in the state court, if bankruptcy proceedings had not intervened. Mrs. Pyatt was not embarrassed in a greater degree than an attachment creditor would be by a voluntary petition in bankruptcy interposed by his debtor.

While I am satisfied that his purpose in invoking the assistance of this court was to stay proceedings in the state court, if possible, and thus thwart his former wife in her attempt to collect alimony, I cannot overlook the fact that Pyatt has numerous creditors whose interests must be considered. These creditors are represented by the attorneys for the trustee, who strenuously object to a dismissal. If the motion is granted, undoubtedly the creditors will straightway file an involuntary petition; and, inasmuch as Pyatt has been guilty of an act of bankruptcy, I am at a loss to see how an adjudication can ultimately be avoided. To dismiss these proceedings is simply to invite involuntary proceedings, without any particular advantage to Mrs. Pyatt.

The motion to dismiss will therefore be denied.