### WAGNER v. MT. CARMEL IRON WORKS.

(Circuit Court of Appeals, Third Circuit. January 17, 1921.)

No. 2621.

Bankruptcy ☞217(3)—Sale under execution on decree rendered within four months in patent infringement suit may be restrained.

Under Bankruptcy Act, § 67f (Comp. St. § 9651), making liens obtained by judicial proceedings within four months prior to adjudication null and void, the bankruptcy court was authorized to restrain a sale of the bankrupt's assets under an execution on a money decree rendered on an accounting in a patent infringement suit about two months prior to the adjudication.

Petition to Revise Order from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Bankruptcy proceeding against the Mt. Carmel Iron Works. On petition of John F. Wagner to revise an order restraining him from selling the bankrupt's assets on execution. Affirmed.

The following is the opinion of Witmer, District Judge, in the Court below:

John F. Wagner obtained a judgment against the Mt. Carmel Iron Works on his bill filed in this court, charging defendant with infringement of a certain patent of which he was the owner. Judgment was entered January 9, 1920, which was certified to the court of common pleas of Northumberland county, whereupon a writ of execution was issued and levy made on defendant's personal property. Within a few days thereafter, March 15, 1920, the defendant filed its petition in bankruptcy and was in due time adjudicated a bankrupt. On petition of certain creditors a restraining order was allowed, which is now sought to be vacated.

The judgment plaintiff, Wagner, insists that his judgment, being founded upon a tort which was characterized by the master, appointed by this court to ascertain the damages for infringement, as "deliberate, wanton, and continuous," will not be discharged by the bankruptcy proceedings; hence he should be allowed to recover his damages from the property of the bankrupt. If the premise is correct, the conclusion does not follow. Whether the bankrupt may be discharged from the obligation of Wagner is not now the important question; the query being: Does the filing of the petition, followed by an adjudication in bankruptcy, discharge and free the bankrupt's property from the levy obtained by Wagner?

The answer will be found in section 67f of the Bankruptcy Act of 1898 (Comp. St. § 9651). This section provides: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

It is apparent that the effect of this provision of the act avoids all liens, created by levy, judgment, attachment, or otherwise, within four months of bankruptcy, and invalidate the same as against the trustee and those claiming under him, so as to allow the bankrupt's property to pass to and be distributed by him among the creditors of the bankrupt. Any number of authorities could be cited to the effect, but the following will suffice: Casady & Co. v. Hartzell, 34 Am. Bankr. R. 226, 171 Iowa, 325, 151 N. W. 97; People's National Bank v. Maxson, 33 Am. Bankr. R. 765, 168 Iowa, 318, 150 N. W. 601; In re Forbes, 26 Am. Bankr. R. 355, 186 Fed. 79, 108 C. C. A. 191; Metcalf v. Barker, 187 U. S. 173, 23 Sup. Ct. 67, 47 L. Ed. 122.

Being of the opinion that the property of the bankrupt passed to the trustee upon the filing of the petition in bankruptcy, as indicated, the restraining order is continued and made permanent, as recommended by the special master.

John O. Ulrich, of Tamaqua, Pa., for petitioner.
William W. Ryon, of Shamokin, Pa., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. On March 15, 1920, the Mt. Carmel Iron Works, a manufacturing corporation of Pennsylvania, was adjudged a bankrupt in the court below. Previous thereto John F. Wagner had filed a bill in said court against it, charging it with infringing his patent. The case was so proceeded with that there was a decree of infringement and an accounting (244 Fed. 818), which accounting resulted in a money decree for $26,461 on January 9, 1920. A few days before the adjudication in bankruptcy, Wagner issued process on his decree, levied on the property of the corporation, and after the adjudication attempted to sell the same. Thereupon the bankruptcy court, on petition of the company, restrained Wagner from so selling the assets of the company. The present petition to review calls in question the authority of the court to restrain said process and to prevent the assets of the company from being taken from its grasp thereby. Such authority, pursuant to an opinion printed herewith, the court below held it had.

We find no error in the court's action. Under the facts, there is no doubt that the lien on the corporation's personal property by his execution was obtained against the insolvent debtor within four months prior to the filing of the bankruptcy petition. Such being the case, section 67f of the Bankruptcy Act, quoted in the opinion, enacted that such an intra-four months lien "shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy * * * shall be deemed wholly discharged and released from the same." And rightfully so, for, had Congress enacted other than it did in these plain words, or had courts, by construction, given any supposed limitation to those plain words, and thereby had intra-four months liens been allowed to take away the assets which passed to the bankruptcy court by the filing of the petition in bankruptcy, the power of the court to administer bankrupt estates would have been absolutely defeated.

270 F.—6

It is clear, therefore, that the decree below should be affirmed, and the lien creditor be left to again pursue what he originally did when, without objection, he proved his claim as a general creditor, and then, after having thus the opportunity to participate on an equality with all other creditors, he withdrew his claim and sought as an intra-four months creditor to take the bankrupt's assets from bankrupt administration for all and take it wholly for himself.

The decree below will be affirmed, without prejudice to the right of the petitioner to take proper steps to reinstate his lien as a proved claim, which course counsel for the receiver concede he has a right to pursue.