## In re ANN ARBOR MACH. CO.

### Petition of BOURNE-FULLER CO.

(District Court, E. D. Michigan, S. D.    March 18, 1922.)

#### No. 4562.

1. Bankruptcy ⟨key⟩238(2)—Creditor's right to determination in plenary suit held waived.

Where a judgment creditor, after sale of the property seized on execution had been enjoined, filed a petition to have his claim paid as a preferred claim, and, on denial thereof by the referee, filed a petition to review, he had waived his right to insist on a determination of his lien in a plenary suit brought against him by the trustee.

2. Bankruptcy ⟨key⟩199—Levy within four months not void, unless debtor was then insolvent.

Under Bankruptcy Act, § 67f (Comp. St. § 9651), making invalid all levies against a person who is insolvent, made at any time within four months prior to the filing of a petition in bankruptcy against him, a lien obtained by levy of execution within four months before the petition in bankruptcy is not invalid, unless at the time it was levied the bankrupt was insolvent.

3. Bankruptcy ⟨key⟩51—Voluntary adjudication does not establish insolvency prior thereto.

Since a voluntary adjudication in bankruptcy is not dependent on insolvency of the bankrupt, either at the time of such adjudication or at any time prior thereto, a voluntary adjudication does not establish the insolvency of the bankrupt, when an execution was levied against his property within four months before the bankruptcy adjudication.

4. Bankruptcy ⟨key⟩303(1)—Trustee seeking to avoid lien of execution has burden of proof.

Under the rule that he who asserts a fact, the proof of which is necessary to support a benefit claimed, the effect being to change a normal condition into an abnormal one, has the burden of proving the fact, the trustee in bankruptcy has the burden of proving that an execution lien, valid when obtained, was invalidated by the subsequent bankruptcy proceedings, because the bankrupt was insolvent when the execution was levied.

5. Bankruptcy ⟨key⟩357—Trustee held in equity moving party on petition for preferred claim.

Where the sheriff, holding property under execution, was entitled to have his right thereto determined in a suit against him by the trustee in bankruptcy, and his voluntary surrender of the property to the trustee could not affect rights of the creditor, equity can regard the trustee as the moving party, who has the burden of proof on the application of the lien creditor to have his claim preferred for payment out of the proceeds of the trustee's sale of the property subject to his lien.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the estate of the Ann Arbor Machine Company, bankrupt. On petition of the Bourne-Fuller Company to review an order of the referee denying the claim of petitioner as a preferred claim. Order reversed, and cause remanded to the referee.

A. F. Freeman, of Detroit, Mich., for petitioner.

Finkelston & Lovejoy, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy for this district. The referee has filed his return, stating his conclusions and decision, and reciting that attached to the return are the pleadings, but no transcript of testimony, as none was taken at the hearing before the referee which preceded and resulted in the order complained of. From an examination of the entire record in the cause and of the briefs filed by the parties to this proceeding, the following facts appear to be, and for the purposes of this opinion will be treated as, undisputed:

On August 18, 1920, and within four months prior to the filing of the voluntary petition in bankruptcy herein, the petitioner obtained a judgment against the Ann Arbor Machine Corporation, now the bankrupt in this cause, in the circuit court for the county of Washtenaw, Mich., for the sum of $4,649.95, including costs. On August 23, 1920, petitioner obtained a writ of execution upon said judgment, and said execution was, on the same day, levied by the sheriff of said county upon certain personal property belonging to the bankrupt, by seizure thereof under such writ of execution, which then and thereby became a lien on such property. Thereupon a sheriff's sale under said seizure and levy was set for September 18, 1920, at 10 a. m., at a certain place, and notices thereof duly posted and advertised.

On September 15, 1920, the execution debtor filed a voluntary petition in bankruptcy in this court and on the same day was adjudicated a bankrupt. No showing, nor even allegation, of insolvency of the bankrupt at the date of such adjudication, or at any time prior thereto, was made by said bankrupt, or by any other person, unless the filing of said voluntary petition or said adjudication can be considered as constituting such showing or allegation, as matter of law. On September 18, at the hour and place set for the aforesaid execution sale, as the said sheriff was about to offer the said property for sale, he was served with a restraining order issued by the state court, upon the application of the receiver of the bankrupt estate, enjoining such sale and any further proceedings under said execution. Thereupon said sheriff announced the abandonment of the sale and left the place. Who thereafter had possession of said property, or what disposition was made thereof, the record fails to show. It appears, however, that all of the assets of the bankrupt, including the aforesaid property, have been sold by the trustee in bankruptcy, and that the proceeds realized therefrom exceed the amount of the aforesaid judgment and costs and lawful interest thereon to this date.

On September 7, 1921, and after the bankruptcy sale, petitioner herein filed a petition with the referees in bankruptcy asking that the trustee in bankruptcy be required to pay to it the amount of said judgment,

costs, and interest. The trustee moved to dismiss said petition, the substantial ground urged being:

"That the alleged lien acquired through judicial proceedings is within the provisions of section 67f of the Bankruptcy Act, and is therefore null and void."

The referee entered an order granting the motion to dismiss the petition, and directing that said petition be—

"dismissed in so far as it is a proof of claim * * * asking for payment * * * as a preferred claim and * * * that such petition may stand as a proof of a general claim."

Thereupon petitioner filed the petition now before this court, praying for a review of the said order of the referee.

[1] In view of the extent to which the petitioner has voluntarily asserted and invoked the jurisdiction of the referee to adjudicate the validity of its claim in these bankruptcy proceedings, and the waiver implied from such conduct, it is unnecessary to consider any question as to the right of petitioner, as an adverse claimant, to insist upon a determination of such validity in a plenary suit to be brought against it by the trustee. The meritorious questions involved upon this petition for review may be conveniently grouped and stated as follows:

(1) If a creditor obtains an execution lien against his debtor while the latter is solvent, but within four months prior to the filing by such debtor of a voluntary petition in bankruptcy on which the latter is subsequently adjudged a voluntary bankrupt, is such execution lien nullified by such adjudication?

(2) Does a voluntary adjudication in bankruptcy conclusively show that the bankrupt was insolvent at or prior to the time of the filing of the voluntary petition in bankruptcy on which such adjudication was based?

(3) Where a lien creditor of a bankrupt is claiming the benefit of a lien whose validity depends on the question whether such bankrupt was solvent or insolvent at the time of the attaching of such lien, who has the burden of proof upon such question?

[2] 1. It is correctly conceded by both parties hereto that the provision of the Bankruptcy Act applicable to this matter is section 67f of the act (Comp. St. § 9651), the language of which section material here is as follows:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

It is urged by the trustee, as I understand his position in this connection, that an execution lien obtained within four months prior to the filing of a petition in bankruptcy is nullified by the subsequent adjudication of the execution debtor, regardless of the question whether such debtor was solvent or insolvent at the time of the attaching of such lien, and even if the debtor were solvent at such time. This contention was apparently upheld by the referee. Although numerous authorities

are cited in support of such contention (Metcalf v. Barker, 187 U. S. 173, 23 Sup. Ct. 67, 47 L. Ed. 122; Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Chicago, Birmingham & Quincy R. Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306; In re South Arizona Smelting Co. [C. C. A. 9] 231 Fed. 87, 145 C. C. A. 275; Wagner v. Mount Carmel Iron Works [C. C. A. 3] 270 Fed. 80, and others), a careful examination thereof discloses that, with perhaps one exception hereinafter more fully discussed, in none of such cases was involved the precise question presented in the present case. Therefore, although certain language is found among the cases thus cited which, if standing alone and used in a case really involving this question, might merit serious consideration here, none of those decisions can be considered controlling or applicable here.

The decision principally relied upon by the trustee is that of the Circuit Court of Appeals for the Ninth Circuit in the case of Cook v. Robinson, 194 Fed. 785, 114 C. C. A. 505. That is the only case which I have been able to discover expressly holding that an inquiry as to the insolvency of the bankrupt at the time of the attaching of the lien is immaterial. There, however, the position of the trustee was based on the alleged insolvency of the bankrupt at the time of the levy of the attachment lien involved, and the argument made in the present case was not there presented until the Circuit Court of Appeals, on its own initiative, expressed the opinion that the questions which had been argued in the court below were irrelevant in view of the adjudication in bankruptcy, saying:

"This judgment of adjudication is preclusive of all these questions [urged]. This, although the petition of intervention was framed upon the theory that it was essential to show that the bankrupt was insolvent at the date upon which the levies of attachment were made, and although the cause was tried upon that theory."

It is difficult, if possible, to follow the reasoning of that court in support of the conclusion just referred to. Without attempting to do so here, I deem it sufficient to state that I am unable to accept or adopt either the argument advanced in support of the conclusion reached, or the conclusion itself.

I am wholly unable to agree with the contention of the trustee in this respect. It is, in my opinion, entirely plain that each of the liens mentioned in section 67f, including that involved herein, is dissolved by the subsequent bankruptcy of the debtor only if the latter was insolvent at the time when such lien was obtained. It will be noted that this section expressly provides that levies and other liens obtained through legal proceedings "against a person who is insolvent * * * shall be deemed null and void in case he is adjudged a bankrupt." "A person who is insolvent" is an "insolvent person," and the meaning of the language just quoted would be no different if it had referred to "liens obtained * * * against an insolvent person." I am of the opinion that if, when a levy or other lien be obtained in legal proceedings against a person, he "is insolvent" and later, and within four months thereafter, a bankruptcy petition is filed on which he "is adjudged a bankrupt," such levy or other lien becomes void; and, con-

versely, unless such person be insolvent at the time of the attaching of such lien, his subsequent adjudication as a bankrupt will not nullify such lien. In re Rhoads (D. C.) 98 Fed. 399; Simpson v. Van Etten (C. C.) 108 Fed. 199; In re Chappell (D. C.) 113 Fed. 545; Stone-Ordean-Wells Co. v. Mark (C. C. A. 8) 227 Fed. 975, 142 C. C. A. 433; Martin v. Oliver (C. C. A. 8) 260 Fed. 89, 171 C. C. A. 125; Jackson v. Valley Tie & Lumber Co., 108 Va. 718, 62 S. E. 965; Newberry Shoe Co. v. Collier, 111 Va. 288, 68 S. E. 974; W. S. Danby Millinery Co. v. Dogan, 47 Tex. Civ. App. 323, 105 S. W. 337; D. C. Wise Coal Co. v. Columbia Zinc & Lead Co., 157 Mo. App. 315, 138 S. W. 67; Keystone Brewing Co. v. Schermer, 241 Pa. 361, 88 Atl. 657.

[3] 2. Does a voluntary adjudication in bankruptcy conclusively show that the bankrupt was insolvent at the time of the attaching of an execution lien against his property prior (in this case, by over three weeks), to such adjudication?

As the adjudication in the present case was voluntary, it is unnecessary to discuss the effect of an involuntary adjudication upon the question of the insolvency of the bankrupt at the time of the commission of an act of bankruptcy upon which such adjudication is based, or at the time of the creation of an execution lien against him, although the rule is now apparently settled to the effect that, at least so far as section 67f is concerned, an involuntary adjudication has no more effect in this respect than a voluntary adjudication.

That a voluntary adjudication does not conclusively show insolvency on the part of the bankrupt at any time prior to such adjudication is made clear by bearing in mind that a voluntary adjudication in its very nature is not dependent upon, and does not even tend to show, such insolvency, either at the time of such adjudication or at any time prior thereto. In re Chappell, supra; In re Carleton (D. C.) 115 Fed. 246; In re Foster Paint & Varnish Co. (D. C.) 210 Fed. 652; In re Hargadine-McKittrick Dry Goods Co. (D. C.) 239 Fed. 155; In re Pyatt (D. C.) 257 Fed. 362; Collier (12th Ed.) 141. The contention of the trustee and the conclusion of the learned referee in this connection must therefore be overruled.

[4] 3. On whom, in the present case, rests the burden of proof with respect to the question of solvency or insolvency of the bankrupt at the time of the levy of the execution constituting the lien involved? If no evidence were produced by either party, who would prevail?

It may be stated as a general rule in the federal courts that he who asserts a fact the proof of which is necessary in order that he may obtain the benefit of a condition resulting from, and dependent upon, such fact, the effect being to change a "normal" condition into an "abnormal" one, has the burden of proving such fact. Inasmuch, then, as the lien obtained by petitioner was lawful and valid at the time of its creation and would normally continue so, and as it can become void (that is, its very existence destroyed) only by the presence of the facts mentioned in section 67f, it is clear that unless and until all of those facts, including insolvency at the time of the attaching of the execution lien, are established by legal evidence, such lien continues to be, as it originally was, a valid, existing lien. He, therefore, who asserts

that the life of this lien has been destroyed by reason of the facts mentioned, has the burden of proving such facts (Stone-Ordean-Wells Co. v. Mark, supra; Martin v. Oliver, supra; Keystone Brewing Co. v. Schermer, supra; W. S. Danby Millinery Co. v. Dogan, supra; Newberry Shoe Co. v. Collier, supra), just as he who asserts that a living man has been killed has the burden of showing that fact.

[5] Another consideration adds strength, if any be needed, to the conclusion just reached. As has already been stated, prior to the filing of the bankruptcy petition the property involved had been seized under writ of execution by the sheriff of the state court, and such property was, therefore, in his possession as an officer of such court and as an adverse claimant. Whether that condition continued up to the time of the filing of the petition in bankruptcy does not appear, but if it had there can be no doubt that the right of such sheriff to retain possession and make proper disposition of such property could have been determined adversely to him only in a plenary suit brought by the trustee in bankruptcy and not in these summary bankruptcy proceedings. Nor can any abandonment or voluntary surrender of possession of the property by the sheriff affect the real situation or prejudice the rights of petitioner in this connection, at least without its consent.

In aligning, then, as this court of equity has the right to do, the parties hereto according to their real interests, the trustee is, in substance and effect, the moving party, and in equity should be so considered and treated. Viewed from any angle, I reach the conclusion that the trustee has the burden of proving that the bankrupt was insolvent at the time of the attaching of the execution lien in question.

The cause will be remanded to the referee for further proceedings not inconsistent with the terms of this opinion.