[Civ. No. 1808. Fourth Appellate District.—April 8, 1937.]

W. C. TRAVIS, Appellant, v. BIXLER VAPOR DRY CLEANING CO. (a Copartnership) et al., Respondents.

W. O. Watters and Fred J. Rogers for Appellant.

Lindsay & Gearhart and Richard Aten for Respondents.

MARKS, J.—This is an appeal from a judgment rendered in favor of defendants in an action on a promissory note.

Action was filed on the note on December 6, 1934. A writ of attachment was issued and personal property was duly attached. An undertaking to release attachment was given and the property redelivered to defendants. On March 4, 1935, L. B. Bixler, doing business as Bixler Vapor Dry Cleaning Company, was adjudged a bankrupt. Defendants admit due execution and nonpayment of the promissory note. They defended the action solely upon the ground of the bankruptcy occurring within four months from the levy of the writ. The trustee in bankruptcy was not made a party to the action nor has he appeared in it.

At the trial of the case, no facts being controverted, counsel for plaintiff moved the trial court for a qualified judgment against defendants with a perpetual stay of execution against their properties. Under such circumstances it has been held that the entry of such a judgment is the right of a plaintiff so that he may proceed to collect from the bondsmen. (*Tormey* v. *Miller*, 31 Cal. App. 469 [160 Pac. 858]; *Higgins* v. *Brainard*, 214 Cal. 647 [8 Pac. (2d) 135].) (See, also, *Pue* v. *Wheeler*, 78 Mont. 516, [255 Pac. 1043]; *Wheeler* v. *Pue*, 275 U. S. 483 [48 Sup. Ct. 19, 72 L. Ed. 385].)

■ To escape the effect of these decisions respondents point to an amendment to the Bankruptcy Act made by Congress in 1934 whereby there was interpolated into subdivision "f" of section 107 (title 11, U. S. C. A.) the provision that "any bond which may be given to dissolve any such lien so created" by levy of an attachment on the property of an insolvent within four months prior to the time of filing a petition in bankruptcy against him, "shall be deemed null and void in case he is adjudged a bankrupt, . . . ". It seems evident that the general effect of the section and the interpretation put upon it by the courts was not changed by the amendment, except in so far as its scope was enlarged to include the invalidity of bonds given to release attachments, which was not theretofore included within its provisions.

It seems to be thoroughly established by numerous decisions of the federal courts that the section confers no right on the bankrupt to assert the invalidity of an attachment lien but vests that right solely in the trustee of the bankrupt estate. (*Connell* v. *Walker,* 291 U. S. 1 [54 Sup. Ct. 257, 78 L. Ed. 613] ; *W. F. Pigg & Son Inc.* v. *United States,* 81 Fed. (2d) 334.) These cases further hold that the bankrupt cannot take advantage of the provisions of this subdivision of the Bankruptcy Act as it was not enacted for his benefit but for the benefit of the trustee.

The trial court did not find that respondents were insolvent at the time the attachment was levied. The record is barren of any evidence supporting such a finding had one been made. As was said in the case of *In re Batiz,* 3 Fed. Supp. 93 :

"If the bankrupt was insolvent when the levy under the attachment was made, the lien was void; if he was then solvent, the lien was valid. . . . In the instant case it was therefore the task of the trustee to show convincingly that the bankrupt was in fact insolvent when the attachment was placed on his goods some three weeks prior to the bankruptcy, and that the respondent's denial of such insolvency was no more than a sham. In the absence of such proof there was no jurisdiction to order the respondent to turn over the money collected under the attachment. The trustee's allegation of insolvency having been controverted by the respondent, it was error to issue the summary order without even requiring proof as to the financial condition of the bankrupt when the lien of the attachment fastened on his property." (*Liberty Nat. Bank*

v. *Bear*, 265 U. S. 365 [44 Sup. Ct. 499, 68 L. Ed. 1057];
*Taubel-Scott-Kitzmiller Co.* v. *Fox*, 264 U. S. 426 [44 Sup.
Ct. 396, 68 L. Ed. 770]; *Gratiot County State Bank* v. *Johnson*, 249 U. S. 246 [39 Sup. Ct. 263, 63 L. Ed. 587].)

█ Respondents seek to escape the effect of this rule by
urging that proof of insolvency in March, 1935, was evidence
of insolvency, when the attachment was levied in the preceding
December. They cite *Charlesworth* v. *Levy Meat Co.*, 73 Fed.
(2d) 953, and, *In re Elmira Steel Co.*, 109 Fed. 456, in support
of this argument. There is language in each decision supporting the theory they advance but the facts in each case would
support the conclusion of insolvency for a considerable period
before the petitions were filed which makes the statements
upon which respondents rely unnecessary to support the conclusions reached in those cases.

This question has been squarely before the federal courts
in cases where the argument advanced by respondents has
been repudiated. In *Liberty Nat. Bank* v. *Bear, supra,* in
speaking of this section of the Bankruptcy Act, it was said:

"It applies only to liens obtained in legal proceedings
against a person who was 'insolvent' when the lien was acquired. If the debtor was then solvent the lien is not invalidated although it was obtained within four months prior
to the filing of the petition in bankruptcy. (*Taubel-Scott-
Kitzmiller Co.* v. *Fox*, 264 U. S. 426 [44 Sup. Ct. 396, 68
L. Ed. 770].) To invalidate the lien the person challenging it
must show that the debtor was insolvent when it was obtained.
(*Stone-Ordean-Wells Co.* v. *Mark*, 227 Fed. 975, 978 [142
C. C. A. 433]; *Martin* v. *Oliver*, 260 Fed. 89, 93 [171 C. C. A.
125]; *Simpson* v. *Van Etten*, (C. C.) 108 Fed. 199, 201; *Keystone Brewing Co.* v. *Schermer*, 241 Pa. 361, 365 [88 Atl. 657];
*Jackson* v. *Valley Tie Co.*, 108 Va. 714, 718 [62 S. E. 964];
*Newberry Shoe Co.* v. *Collier*, 111 Va. 288, 290 [68 S. E. 974];
*Severin* v. *Robinson*, 27 Ind. App. 55, 61 [60 N. E. 966].)
And see *In re Richards*, 96 Fed. 935 [37 C. C. A. 634]; *In re
Chappell*, (D. C.) 113 Fed. 545; *In re Community Stores*,
(D. C.) 282 Fed. 328. Such insolvency must be both alleged
and proved. *Stone-Ordean-Wells Co.* v. *Mark, supra,* page 978.
. . . And, generally, an adjudication in bankruptcy in no way
determines whether or not the debtor was insolvent at the
time a lien was obtained through legal proceedings against
him; there being no presumption arising from the adjudica-

tion that he was insolvent for any period before the petition in bankruptcy was filed. *Keystone Brewing Co.* v. *Schermer, supra,* page 365, 88 Atl. 657; *Jackson* v. *Valley Tie Co., supra,* page 719, 62 S. E. 964; *Newberry Shoe Co.* v. *Collier, supra,* page 291, 68 S. E. 974.''

See, also, *J. S. & J. F. String, Inc.,* v. *Birkhahn,* 30 Fed. (2d) 492.

Respondents urge that the bond given on release of the attachment is a forthcoming bond to which the rules here announced do not apply. In support of this argument they cite the case of *Nicolai-Neppach Co.* v. *Smith,* 154 Or. 450 [58 Pac. (2d) 1016, 60 Pac. (2d) 979, 107 A. L. R. 1124]. This case cannot be considered controlling in California as the contrary rule has been announced in the case of *Rosenthal* v. *Perkins,* 123 Cal. 240 [55 Pac. 804].

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.